ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
KEVIN M. RAPP (Ariz. Bar No. 14249),
kevin.rapp@usdoj.gov
MARGARET PERLMETER (Ariz. Bar No. 024805),
margaret.perlmeter@usdoj.gov
PETER S. KOZINETS (Ariz. Bar No. 019856),
peter.kozinets@usdoj.gov
ANDREW C. STONE (Ariz. Bar No. 026543),
andrew.stone@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184),
john.kucera@usdoj.gov
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806),
reginald.jones4@usdoj.gov
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-465-PHX-SPL (BSB) |
| Plaintiff, | STIPULATED MOTION TO AMEND AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| *BACKPAGE*.COM, LLC, ET AL., | |
| Defendants. | |

Plaintiff, United States of America, and the Defendants, Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV ("Defendants"), move pursuant to Rules 32.2(e) and 36 of the Federal Rules of Criminal Procedure to amend the Preliminary Order of Forfeiture entered on May 16, 2018 to add additional property subject to forfeiture and to correct certain clerical errors.  In support of their motion, the Plaintiff and the Defendants say the following:

Background

On April 5, 2018, the United States filed a Criminal Information charging Defendants with one count of conspiracy to commit various money laundering offenses in violation of 18 U.S.C. § 1956(h).  (Doc. 4).  On the same date, Defendants entered into a Plea Agreement whereby they agreed to plead guilty to the money laundering conspiracy charged in the Information, and inter alia, to forfeit any asset "traceable to . . . the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s)," to which they were pleading guilty.  (Doc. 8-1; Para. 8.b.)  The property the Defendants agreed to forfeit included, but expressly was not limited to, a list of assets that was set forth in the Plea Agreement.  (Id.)

On May 16, 2018, the court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2(b). (Doc. 22).  The Order incorporated the list of forfeitable assets set forth in the Plea Agreement and expressly provided that the court would "retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Criminal. P. 32.2(e)."  Preliminary Order at 25.

Purpose of the Instant Motion

Since the date of the entry of the Preliminary Order, the United States and the Defendants have worked together to identify the assets that were involved in the money laundering offense to which the Defendants pled guilty and which accordingly should be included in the Order of Forfeiture.  As set forth in the Stipulated Statement of Facts, which is appended to and incorporated within this motion, the parties have now identified a number of accounts that were not previously identified in the Plea Agreement and not previously listed in the Preliminary Order of Forfeiture, but into which the Defendants transferred millions of dollars in criminally-derived funds in the course of the money laundering conspiracy ("the additional assets"). Because these funds were "involved in" the money laundering offense within the meaning of the applicable forfeiture statute, 18 U.S.C. § 982(a)(1), the United States and the Defendants now move to include them within the Preliminary Order as Rule 32.2(e) provides.

Legal Authority

Rule 32.2(e) provides that on the Government's motion, the court may "at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered."  Rule 32.2(e)(1)(A). Indeed, in entering the Preliminary Order of Forfeiture on May 16, the court anticipated that additional forfeitable assets would be identified after the order was entered and that the Preliminary Order would need to be amended accordingly.  Thus, the court expressly provided that it would "retain jurisdiction to enforce this Order,

and to amend it as necessary pursuant to Fed. R. Criminal. P. 32.2(e)." Preliminary Order at 25.

Amendments to the preliminary order of forfeiture to include additional property are in fact routine in cases involving large numbers of assets and complex financial transactions occurring over an extended period of time.  See United States v. Duboc, 694 F.3d 1223, 1227-29 (11th Cir. 2012) (Rule 32.2(e) permits the Government to move at any time to amend an order of forfeiture to include additional property); Haberman v. United States, 2014 WL 717200 *2 (N.D. Tex. Feb. 24, 2014) (same); United States v. Kilbride, 2007 WL 2528087, *1 (D. Ariz. 2007) (answers the defendant gives in response to questions regarding his finances during a pre-sentence investigation may be used to amend the order of forfeiture to include additional property pursuant to Rule 32.2(e)); United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement), 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (forfeiture order in complex case involving $1.2 billion amended numerous times to add additional property).

The statute authorizing forfeiture in money laundering cases is 18 U.S.C. § 982(a)(1) (authorizing the forfeiture of all "property involved" in a money laundering offense).  As set forth in the Stipulated Statement of Facts, the additional property that the parties seek to add to the Preliminary Order comprises millions of dollars in funds that were derived from "specified unlawful activity" that were transferred by the Defendants to various accounts in violation of the money laundering laws.  As such, the additional property constitutes "property involved" in the money laundering offense to which the Defendants pled guilty, and is forfeitable

pursuant to Section 982(a)(1).  See United States v. Ladum, 141 F.3d 1328, 1349 (9th Cir. 1998) (money derived from a specified unlawful activity that is used to commit a money laundering offense is forfeitable as "property involved" in the offense); United States v. Moyer, 313 F.3d 1082, 1086 (8th Cir. 2002) (affirming forfeiture of the amount defendant derived from specified unlawful activity and used to pay personal creditors in violation of section 1957); United States v. Reiner, 397 F. Supp. 2d 101, 113 (D. Me. 2005) (the amount involved in a section 1956(h) conspiracy to violate section 1957 was the sum of all of the $10,000-plus transactions out of the bank account containing the proceeds of the underlying specified unlawful activity).

Clerical Amendment

In referring to the property subject to forfeiture, the Preliminary Order described the property as "traceable to proceeds of the underlying violation of conviction."  In doing so, the Preliminary Order tracked the language in the Defendants' Plea Agreement.  To be precise, however, because the applicable forfeiture statute refers to "property involved in money laundering" and not to the "proceeds" of money laundering, the Order should have referred to the property as "traceable to the underlying specified unlawful activity and involved in the money laundering offense on which the Defendant was convicted."  Accordingly, pursuant to Rule 36, the United States and the Defendants move to amend the Preliminary Order of Forfeiture to make clear that the additional assets described in the Stipulated Statement of Facts fall within the scope of the Preliminary Order because the additional assets were involved in the money laundering offense to which the Defendants pled guilty, and

because under the Preliminary Order, the Defendants are required to forfeit all property involved in that money laundering offense pursuant to Section 982(a)(1). See United States v. Gjeli, 867 F.3d 418 (3rd Cir. 2017) (remanding to correct omission of forfeiture from the judgment as a clerical error pursuant to Rule 36); United States v. St. Pierre, 188 F.R.D. 415 (M.D. Fla. 1999) (because preliminary order is not a final judgment, district court may correct clerical mistake pursuant to Criminal Rule 36).

Conclusion

The Preliminary Order of Forfeiture issued on May 15, 2018, should be amended to include the additional property listed in the Stipulated Statement of Facts and to provide that all of the property listed in the Preliminary Order, including the additional property, is subject to forfeiture because it is property traceable to a

/ / /

/ / /

specified unlawful activity and was involved in the money laundering offense to which the Defendants pled guilty, making all of the property listed in the Preliminary Order as subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

Dated: October 15, 2018     Respectfully submitted,

ELIZABETH STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

KEVIN RAPP
MARGARET PERLMETER
ANDREW STONE
PETER KOZINETS
Assistant United States Attorneys

REGINALD JONES
Senior Trial Attorney


      /s/*John J. Kucera*

JOHN J. KUCERA
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

October 15, 2018          ___/s/(per e-mail confirmation)_____
Date                      DAVID BOTSFORD
                          Attorney for Defendants
                          Backpage.com, LLC (Defendant #1)
                          Website Technologies, LLC (Defendant #2)
                          Posting Solutions, LLC (Defendant #3)
                          Amstel River Holdings, LLC (Defendant #4)
                          Ad Tech BV (Defendant #5)
                          UGC Tech Group BV (Defendant #6)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>*BACKPAGE*.COM, LLC, ET AL.,<br><br>　　　　Defendant. | No. CR 18-465-PHX-SPL (BSB)<br><br><u>STIPULATED AMENDMENT TO THE</u><br><u>PRELIMINARY ORDER</u><br><u>OF FORFEITURE</u> |

　　　Defendants Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV have pled guilty to conspiring to violate the money laundering laws in violation of 18 U.S.C. § 1956(h) and have agreed to the forfeiture of all property involved in that offense pursuant to 18 U.S.C. § 982(a)(1).  On May 15, 2018, the court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) directing the Defendants to forfeit certain property. The Preliminary Order expressly provided that the court would retain jurisdiction to amend the order pursuant to Rule 32.2(e) as necessary to include any additional property that might be subject to forfeiture in connection with the offense on which the Defendant has been convicted.

The Defendants and the United States have now moved pursuant to Rule 32.2(e) to amend the Preliminary Order to include additional assets that were involved in the money laundering offense within the meaning of Section 982(a)(1).  The court finds, based on the Stipulated Statement of Facts, that the following assets were derived from "specified unlawful activity" and were transferred by the Defendants in the course of the conspiracy in amounts exceeding $10,000 in violation of Section 1957.  Accordingly, IT IS HEREBY ORDERED that the Preliminary Order of Forfeiture is amended to include the following assets as property involved in the money laundering conspiracy to which the Defendants have pled guilty and thus as property forfeited to the United States.

- Davis Wright Tremaine LLP ($6.25 million): Bank of America Account No. 50033414
- Perkins Coie LLP ($2.9 million): US Bank Account No. 153555921235
- Rusing Lopez & Lizardi PLLC ($5.25 million): Bank of the West Account No. 35171363
- Prince Lobel Tye LLP ($100,000): Citibank Account No. 1255451369
- Copeland, Franco, Screws & Gill, P.A. ($100,000): Wells Fargo Bank Account No. 2000608102052
- Wayne B. Giampietro LLC ($100,000): JP Morgan Chase Bank Account No. 616275397
- Walters Law Group ($100,000): JP Morgan Chase Bank Account No. 851844381
- Akin Gump Strauss Haeur & Feld LLP ($250,000): Citi Private Bank Account No. 9250397941
- Thompson Coburn LLP ($100,000): US Bank Private Client Reserve

Account No. 1001423332

IT IS FURTHER ORDERED, that the Preliminary Order of Forfeiture is amended to make clear that the Defendants are required to forfeit all property involved in the money laundering offense to which they pled guilty, that the statutory basis for the forfeiture is 18 U.S.C. § 982(a)(1), and that all of the property listed in the Preliminary Order as amended is subject to forfeiture under that statute.

All other provisions of the Preliminary Order of Forfeiture, including the provisions relating to the adjudication of third party claims to the forfeited property, shall remain in effect.

IT IS SO ORDERED.

DATED:                                    _____
                                          HONABLE STEVEN P. LOGAN
                                          UNITED STATES DISTRICT COURT JUDGE

PRESENTED BY:

ELIZABETH A. STRANGE
First Assistant United States Attorney
Disctrict of Arizona

BRIAN BENCZKOWSKI
Acting Assistnant Attorney General
Criminal Division, U.S. Department of Justice

KEVIN RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant United States Attorney

REGINALD JONES
Senior Trial Attorney

*/s/John J. Kucera*_____
JOHN J. KUCERA
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA