Erin E. McCampbell, NY State Bar No. 4480166
emccampbell@lglaw.com
**Liptsitz Green Scime Cambria LLP**
42 Delaware Ave.
Suite 120
Buffalo, NY 14202
Tel. (716) 849-1333
Fax (716) 855-1580
*Counsel for Movant Michael Lacey*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Backpage.com LLC, et al.,<br><br>Defendants. | No. 18-CR-00465-SPL<br><br>**Motion to Reconsider Order Granting Government's Motion to Amend/Correct and Supplement Preliminary Order of Forfeiture (Dkt. 44)** |

### I.     PROCEDURAL BACKGROUND

Late on October 15, 2018, the government filed a "Stipulated Motion to Amend and Supplement Preliminary Order of Forfeiture" (Dkt. 43) ("Motion").  The Court signed an Order granting the Motion (Dkt. 44) ("Order") yesterday, on October 18, 2018.

Movant Michael Lacey opposes amending and supplementing the preliminary order of forfeiture and intended to file a response in opposition within the fourteen days allotted by LRCiv 7.2(c).  This Court's Order was issued before Movant had an opportunity to file his opposition to the Motion.  Movant's arguments in opposition have not been previously made in any oral or written argument.  Accordingly, and pursuant to LRCiv 7.2(g), Movant respectfully requests that this Court reconsider its Order granting the government's motion based on the below opposition, which was not yet before the Court when it issued its Order.

1

2

## II.   THE COURT SHOULD RECONSIDER ITS ORDER AND DENY THE GOVERNMENT'S MOTION

The government's Motion as to its cooperating defendants Backpage.com, LLC, Website Technologies, LLC, Posting Solutions, LLC, Amstel River Holdings, LLC, Ad Tech BV, and UGC Tech Group BV (collectively, "Backpage.com") should be denied.  As the government is well-aware, the issues of who rightfully owns or controls the funds in the attorney trust accounts it seeks to add to the Preliminary Order of Forfeiture is the subject of pending litigation in the United States District Court in the District of Delaware, to which Backpage.com and Carl Ferrer[1] are parties (*Camarillo Holdings LLC, et al. v. Amstel River Holdings, et al.*, Case 1:18-cv-01456-LPS (D. Del.) ("Delaware Action").

Although the Motion purports to be based on a stipulation, the funds at issue consist of attorney trust funds to which Movant and several of his co-defendants in *United States v. Lacey, et al.*, Case 2:18-cr-00422-SPL (D. Ariz.) (collectively, "Movants"), are entitled to use to pay for their defense.  The litigation in Delaware asks the Court to determine that Backpage.com and Ferrer either a) do not own the funds or b) do not have the right to control the assets, depending on which attorney trust account is at issue.  Unless and until the Court in Delaware rules in favor of Backpage.com and Ferrer, Backpage.com, through Ferrer, should not be permitted to stipulate to forfeit these accounts to the government.  The government's Motion is especially inappropriate given that the plea agreements and Preliminary Orders of Forfeiture for Backpage.com and Ferrer allow them to *spend* funds in similar IOLTA accounts for defense costs, both for their criminal cases and for related civil litigation, until the "conclusion of litigation"—despite the fact that all the trust funds originated from the same source.  (*E.g.*, Dkt. 22, p. 23).

The government's motion, styled as a *pro forma* application, is yet another attempt to end-run around active litigation in another Court, and to deprive Movants of their ability to pay for defense counsel.  Two weeks ago, Backpage.com and Ferrer filed a response in

---

[1] Carl Ferrer is the principal of Backpage.com and presumably will testify against Movants.

the Delaware Action stating that they "believe that the Government will amend its forfeiture orders in the near future to specifically include additional Retainers that Plaintiffs are asserting an interest in through this proceeding." (Delaware Action, Dkt. 14, p. 12, fn. 3). Two days ago, Backpage.com and Ferrer filed a motion to dismiss the Delaware Action, arguing among other things, that "[o]nce the stipulation is entered by the Court [in Arizona], that amendment would add each of the Retainers to the list of assets forfeited to the United States and trigger the procedure whereby third parties may contest that forfeiture order pursuant to 21 U.S.C. § 853(n)." (Delaware Action, Dkt. 18, p. 8).  In other words, the government, through Backpage.com and Ferrer, contends the Movants should be deprived of any opportunity, including in pending litigation in another Federal court, either to access the trust funds or to assert their interests in the trust funds until *after* the conclusion of Backpage.com's criminal case.  That, of course, would be after the criminal trial against the Movants, currently scheduled for January 2020—at which point Movants would have been deprived of their Sixth Amendment right to counsel and suffered severe consequences.

Moreover, the government apparently recognizes that the funds in these attorney trust accounts do not constitute proceeds of any crime to which Backpage.com pled guilty and, therefore, also proposes an amendment to expand the legal basis for forfeiting the assets to include property involved in money laundering, under 18 U.S.C. § 981(a)(1)(A).  As discussed below, this is not, as the government claims, a mere "clerical amendment." (Dkt. 43, at 5).

The Court should reconsider its Order granting the government's Motion.  Movant respectfully requests that the Court reject the government's maneuvering and deny the Motion in its entirety.  In the alternative, Movant requests that the Court withdraw its Order and postpone ruling on the government's proposed amendment until after the Delaware Action has concluded.

## A. Rule 32.2(e) Does Not Authorize the Government's Proposal to Add Assets to the Preliminary Order of Forfeiture

The government argues it should be permitted to amend the Preliminary Order of Forfeiture against Backpage.com to add funds in certain attorney trust accounts that Movants are legally entitled to use to pay for their defense. Rule 32.2(e) allows the Court to amend an order of forfeiture "to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered." Rule 32.2(e)(1)(A). But here, the assets in question were not "located and identified" after the initial preliminary orders of forfeiture were entered on May 16, 2018. Ferrer is a cooperating defendant, directing the cooperation of Backpage.com, and acting under the government's control. Since pleading guilty on April 5, 2018, Backpage.com, Ferrer, and their counsel have made numerous written demands asserting their purported interests in the three largest attorney trust account deposits at issue, with the first demand as to each trust deposit coming well in advance of the May 16, 2018 Preliminary Orders of Forfeiture. Moreover, in various court filings, Backpage.com and Ferrer claimed to have made those demands to fulfill their obligations under their plea agreements. Even if the government had no knowledge of the three large trust deposits when Backpage.com and Ferrer made their initial demands in late April and early May 2018, the government cannot justify an amendment now. Ferrer is a cooperating defendant, directing and controlling the cooperation of Backpage.com. Backpage.com and Ferrer plainly had the relevant information about the trust funds and were required to provide it to the government under the terms of their plea agreements, as a condition of their cooperation. *See, e.g.*, Dkt. 8-1 at 8; *see also United States v. Carl Allen Ferrer*, 18-CR-0464-SPL, Dkt. 7-1 at 9.

None of the cases the government cites in its Motion support the government's claim that it can move to amend the Preliminary Order of Forfeiture for any reason whatsoever to add any assets, even assets belonging to third-parties as against whom Ferrer, and therefore Backpage.com, are cooperating. At most, the cases in the government's Motion simply state, as Rule 32.2(e) clearly provides, that the Court can amend a preliminary order of

4

MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 44)

forfeiture where the property is (1) subject to forfeiture under an existing order of forfeiture and (2) located and identified after the preliminary order of forfeiture was entered.  In both *United States v. Duboc*, 694 F.3d 1223 (11th Cir. 2002), and *Haberman v. United States*, 2014 WL 717200 (N.D. Tex. Feb 24, 2014), the government discovered assets long after a defendant was sentenced and the assets already were, as Rule 32.2(e) requires, "subject to forfeiture under an existing order of forfeiture."  Neither case involved a consent order of forfeiture entered against a cooperating defendant.  And, notably, in *Duboc,* the Court found that the amendment complied with due process because the party whose asset was being forfeited (the defendant) was given notice and the opportunity to be heard in response to the government's motion to amend the original forfeiture order.  *Duboc*, 694 F.3d at 1229.

In addition, the attorney trust funds at issue would *not* be "subject to forfeiture" under the Preliminary Order of Forfeiture against Backpage.com because that order required Backpage.com to forfeit assets that "represent[ ] or [are] traceable to proceeds of the underlying violation of conviction."  (Dkt. 22 at 1).  Tellingly, the government's Motion also proposes to amend the legal basis for forfeiture to include "property involved in money laundering" under 18 U.S.C. § 981(a)(1)(A).  (Dkt. 43, p. 5).  This is not a "clerical" amendment to fix an administrative mistake.  Clerical errors are narrowly defined and are not mistakes made in judgment, knowledge, or analysis, but rather remedy errors of transcription or recitation.  *See United States v. Bargas*, 80 F. App'x. 912 (5th Cir. 2003) (where indictment charged defendant with the wrong statutory subsection and defendant pleaded guilty as charged in the indictment, the court found that such error is not the sort of mechanical or clerical error subject to correction under Rule 36); *United States v. Burwell*, No. 3:03cr203, 2011 BL 455602, 2011 US Dist. Lexis 156759, 2011 WL 9529405 (E.D. Va. July 9, 2011) (denying defendant's Rule 36 motion to correct clerical error in how the offense was described in the judgment).  Rather, the government is attempting to completely change the legal basis for forfeiture and expand the preliminary order of forfeiture to include property that would not otherwise have been subject to forfeiture.

5

MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 44)

**B.     The Government's Proposed Amendment of the Preliminary Order of Forfeiture Would Deprive the Movants of Their Sixth Amendment Right to Counsel in a Criminal Case**

The government proposes to add to the Preliminary Order of Forfeiture funds in various attorney trust accounts that were deposited to pay for the Movants' attorney's fees, including for their representation in their criminal cases.  These are funds to which the Movants (or entities they control) either own or have a legal interest, and they have filed a declaratory judgment action in Delaware to resolve the issue of their ownership and interests.  The funds that are owned by an entity controlled by Movants are not assets of Backpage.com or Ferrer that can be forfeited as part of a criminal case against Backpage.com.  Criminal forfeiture is *in personam*, and a defendant can only forfeit his own interest in any given asset.  *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007).

Significantly, this is not a situation where the government seeks to forfeit property owned by a defendant that might be subject to a third-party lien.  Instead, the government knows that the ownership and control of these attorney trust funds is contested and is currently the subject of the Delaware Action.  In fact, Backpage.com and Ferrer (clearly in coordination with the government, on the heels of its Motion to amend the Preliminary Order of Forfeiture) filed a motion to dismiss the declaratory judgment action on grounds that the assets would be subject to a Preliminary Order of Forfeiture.

The government will argue (as Backpage.com and Ferrer have already argued in their motion to dismiss the Delaware action) that Movants should be relegated to the procedure set forth 21 U.S.C. 853(n), which allows a third party to assert its interest in assets that have been criminally forfeited at an ancillary hearing, following the defendant's conviction.  But, in a case where the assets at issue are attorney trust funds needed for the third party's own criminal defense, the Movants will not be in a position to assert their ownership interest in

6

MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 44)

those funds and obtain an ancillary hearing until their own criminal trial has concluded.[2] As a result, they will have been deprived of their Sixth Amendment right to counsel.

## III.    CONCLUSION

For all the foregoing reasons, Movants urge this Court to reconsider its Order and deny the government's Motion to Amend the Preliminary Order of Forfeiture.

Respectfully submitted,

Dated:    October 19, 2018

*/s/ Erin E. McCampbell*
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Michael Lacey

---

[2] Although Section 853(n) does not specify whether an ancillary hearing can take place before the conclusion of the criminal case against the defendant from whom the assets are being forfeited, as a practical matter, such a hearing would require testimony from Ferrer and it is unlikely that the government would allow Ferrer to be examined by the Movants before he testifies in the criminal case against them.  Similarly, to the extent Movants' testimony is required at a hearing, it would be unfair to force them to testify simply to be able to use funds that they are entitled to use for their criminal defense.

# CERTIFICATE OF SERVICE

I certify that on this 19th day of October 2018, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ April L. Kelly*
April L. Kelly

David Lawrence Botsford, Botsford & Roark, dbotsford@aol.com

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com

Daniel James Quigley, Daniel J Quigley PLC, quigley@djqplc.com

Michael L. Piccarreta, Piccarreta Davis Keenan Fidel PC, mlp@pd-law.com

Anthony R. Bisconti, Bienert Miller & Katzman PLC, tbisconti@bmkattorneys.com

Kenneth M. Miller, Bienert Miller & Katzman PLC, kmiller@bmkattorneys.com

Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com

Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com

K. C. Maxwell, Maxwell Law PC, kcm@kcmaxlaw.com

Adam Christian Page, Karp & Weiss PC, apage@karpweiss.com

Stephen M. Weiss, Karp & Weiss PC, sweiss@karpweiss.com

Ariel A. Neuman, Bird Marella, aan@birdmarella.com

Gary S. Lincenberg, Bird Marella, gsl@birdmarella.com

Gopi K. Panchapakesan, Bird Marella, gkp@birdmarella.com

Michael D. Kimerer, Kimerer & Derrick PC, MDK@kimerer.com

Rhonda Elaine Neff, Kimerer & Derrick PC, rneff@kimerer.com

Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com

Andrew C. Stone, Assistant U.S. Attorney, andrew.stone@usdoj.gov

John Jacob Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov

Kevin M. Rapp, Assistant U.S. Attorney, kevin.rapp@usdoj.gov

Margaret Wu Perlmeter, Assistant U.S. Attorney, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, Assistant U.S. Attorney, reginald.jones@usdoj.gov

Peter Shawn Kozinets, Assistant U.S. Attorney, peter.kozinets@usdoj.gov

8

MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 44)