ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 18-CR-00465-PHX-SPL (BSB) |
| Plaintiff, | **GOVERNMENT'S MOTION FOR LEAVE TO FILE RESPONSE TO MOVANT MICHAEL LACEY'S MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 45)** |
| v. | |
| Backpage.com LLC, et al., | |
| Defendants. | |

Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the District of Arizona and Special Assistant United States Attorney John J. Kucera, hereby moves for leave to file the Government's Response to Movant Michael Lacey's Motion to Reconsider Order Granting Government's Motion to Amend/Correct and Supplement Preliminary Order of Forfeiture (Dkt. #45.) Under LRCiv 7.2(g)(2), a response to a motion for reconsideration may not be

filed absent order of the Court. To the extent that LRCiv 7.2(g) applies to this forfeiture proceeding, and to provide the Court with the Government's written response to Movant's points and authorities, the Government respectfully asks that the Court allow the Government to file the attached Response. A proposed Order is attached.

Respectfully submitted this 2nd day of November, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ John J. Kucera*
KEVIN M. RAPP

MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

[NEED TO UPDATE]   I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: David Botsford, Daniel Quigley, Anthony Bisconti, Adam Page, Erin McCampbell,  Kenneth Miller, Thomas Bienart, Jr., Whitney Bernstein, Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, Michael Piccarreta, Stephen Weiss, Ariel Neuman, Gary Lincenberg, and Gopi Panchapakesan.

*s/*
U.S. Attorney's Office

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      v.<br><br>Backpage.com LLC, et al.<br><br>             Defendants. | CR-18-00465-PHX-SPL (BSB)<br><br>**(PROPOSED) ORDER GRANTING GOVERNMENT'S MOTION FOR LEAVE TO FILE RESPONSE TO MOVANT MICHAEL LACEY'S MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 45)** |

The Court having reviewed the Government's Motion for Leave to File Response to Movant Michael Lacey's Motion to Reconsider Order Granting Government's Motion to Amend/Correct and Supplement Preliminary Order of Forfeiture (Dkt. 45) ("Government's Motion for Leave"), and good cause appearing,

IT IS ORDERED granting the Government's Motion for Leave.

IT IS FURTHER ORDERED directing the Clerk of the Court to file the Government's Response to Movant Michael Lacey's Motion to Reconsider Order Granting Government's Motion to Amend/Correct and Supplement Preliminary Order of Forfeiture.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 18-CR-00465-PHX-SPL (BSB) |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO MOVANT MICHAEL LACEY'S MOTION TO RECONSIDER ORDER GRANTING GOVERNMENT'S MOTION TO AMEND/CORRECT AND SUPPLEMENT PRELIMINARY ORDER OF FORFEITURE (DKT. 45)** |
| v. | |
| Backpage.com LLC, et al., | |
| Defendants. | |

Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the District of Arizona and Special Assistant United States Attorney John J. Kucera, hereby responds to Movant Michael Lacey's ("Movant," and, collectively with his co-defendants, "Named Defendants") motion to have this Court reconsider its order granting the Government's motion to

amend/correct and supplement its preliminary order of forfeiture (Dkt. #44) (the "Order"). In support, the Government states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On May 16, 2018, pursuant to a stipulation between the Government and defendants Backpage.com, LLC and associated defendant entities (including Website Technologies, LLC, Posting Solutions, LLC, Amstel River Holdings, LLC, Ad Tech BV, and UGC Tech Group BV (collectively, the "Related Entities")), this Court issued a Preliminary Order of Forfeiture (the "Preliminary Order") (Dkt. #22).  Thereafter, consistent with the terms of the plea agreements, defendant Carl Ferrer ("Ferrer") and the Related Entities (collectively, "Cooperating Defendants") assisted the Government in identifying additional bank accounts involved in the money laundering conspiracy to which Cooperating Defendants have plead guilty (the "Defendant Assets").  (*See* Dkt. #42 at 2 (Stipulated Statement of Facts)).

On October 15, 2018, the Government and the Related Entities filed a Stipulated Motion to Amend and Supplement the Preliminary Order of Forfeiture to add certain Defendant Assets to this Court's original Preliminary Order. (Dkt. #43). On October 18, 2018, this Court signed the Order granting the parties' request to amend the Preliminary Order to include the Defendant Assets (the "Order," Dkt. #44).

On October 19, 2018, Movant opposed this Court's Order and filed a Motion to Reconsider the Order Granting the Government's Motion to Amend/Correct and Supplement its Preliminary Order of Forfeiture (the "Motion to Reconsider").  (Dkt. #45).

### II.   ARGUMENT

**A.   Case Law and Statutes Are Clear That Third Parties Cannot Intervene In A Criminal Proceeding Where Cooperating Defendants Entered Into A Stipulation With The Government To Amend A Preliminary Order for Forfeiture**

"[A] third party has no right to challenge the preliminary order's finding of forfeitability." *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008).  This equally applies to any amendments to such preliminary orders.  As such, "[a] third party claiming

an interest in property subject to forfeiture may not intervene in a trial or appeal of a criminal case involving the forfeiture." *United States v. Lazarenko*, 476 F.3d 642, 649 (9th Cir. 2007) (citing 21 U.S.C. § 853(k)(1)). "Nor may a third party commence an action at law or equity against the United States concerning the validity of the alleged interest after the United States files an indictment with a forfeiture allegation." *Id.* (citing 21 U.S.C. § 853(k)(2)). "Rather, a court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture." *Id.* (citing Fed. R. Crim. P. 32.2(b) advisory committee's note).[1]

Here, the Government filed indictments and commenced criminal proceedings against both Named Defendants and the Cooperating Defendants. Named Defendants were not parties to the stipulation entered into between the Cooperating Defendants and the Government. Even if Named Defendants had an interest in the property at issue (something that Named Defendants do not assert before this Court), pursuant to statutory guidelines, that interest would be irrelevant. Simply put, Named Defendants do not have standing at this time to assert any claims of ownership over the property at issue. Multiple jurisdictions have consistently upheld this basic premise. *See United States v. BCCI Holdings (Luxembourg) S.A. (Petition of ICIC Investments)*, 795 F. Supp. 477, 479 (D.D.C. 1992) (third party lacks standing to object to entry of order for forfeiture); *United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement)*, 69 F. Supp. 2d 36, 42 (D.D.C. 1999) (same); *United States v. Cone*, 627 F.3d 1356, 1359 (11th Cir. 2010) (third party lacked standing to object when Government moved to vacate order of forfeiture with respect to the property in which the third party had an interest; third party cannot force the Government to forfeit property so that it can adjudicate its claim in the ancillary proceeding); *United States v. Bulger*, 2013 WL 6017351 (D. Mass. Nov. 13, 2013) (denying

---

[1] Rule 32.2's advisory committee notes confirm that an ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) (advisory committee note to federal rule "guides [this Court's] interpretation").

crime victims' opposition to entry of forfeiture order in favor of restitution; victims with standing to contest forfeiture of specific assets may file claims in the ancillary proceeding, but in no event may third parties oppose the entry of judgement); *United States v. Gamez*, 2013 WL 2145590 (N.D. Tex. May 16, 2013) (Section 853(k) bars third party from filing motion for return of seized property after defendant enters guilty plea but before the court enters an order for forfeiture; he must wait until there is a forfeiture order and an ancillary proceeding); *United States v. Louthian*, 2013 WL 594232 (W.D. Va. Feb. 15, 2013) (acquitted co-defendant cannot oppose entry of forfeiture but must wait until the ancillary proceeding to file a claim); *United States v. Hodgson*, 2012 WL 3222312, *7 (S.D.N.Y. Aug. 7, 2012) (third party lacks standing to object to Government's decision to vacate the forfeiture order when it realized there was no equity in the property; if there are competing claims to the forfeited property, the Government may opt to vacate the forfeiture order and let the parties resolve their differences in state court); *Cf. United States v. Egan*, 654 Fed. Approx. 520 (2nd Cir. 2016) (because third party was barred by Section 853(k) from objecting to the entry of the preliminary order of forfeiture, he cannot object that the entry was procedurally defective as the basis for his claim in the ancillary proceeding).

     Title 21 U.S.C. § 853(n) "provides the process for vindicating a third party's interests in forfeited property." *Id.*; *see Libretti v. United States*, 516 U.S. 29, 44 (1995) (noting that Congress determined that Section 853(n) provides the means to vindicate third-party rights); *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005)("We have held that third parties must await the defendant's conviction before filing proceedings to protect their interest in the property and must await the court's order of forfeiture before requesting an ancillary hearing."); *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985). As such, Named Defendants may only assert their claims to the Defendant Assets in an ancillary proceeding.

     It is important to note that the Order does not seek to forfeit any third party's rights to any property identified in the Order. The stipulation between the Government and the Related Entities sought an order forfeiting the Related Entities' interest in the Defendant

Assets. The interests of third parties, including any claimed interest by Movant, will be adjudicated at the ancillary proceeding.

For these reasons, Movant's Motion to Reconsider is inappropriate and should be denied in its entirety.

**B.   Movant Lacks Standing Because He Does Not Have Ownership Interest In The Forfeited Property**

Pursuant to 21 U.S.C. § 853(n)(6), a third party who asserts a claim over property that is subject to forfeiture in a criminal matter can obtain relief from the forfeiture only if (1) the third party had a superior ownership interest in the property at the time the defendant committed the criminal act that gave rise to the forfeiture, 21 U.S.C. § 853(n)(6)(A) (the before-acquired interest test), or (2) the third party was a bona fide purchaser for value who was reasonably without cause to believe that the transferred assets were subject to forfeiture, *Id.* § 853(n)(6)(B) (the after-acquired interest test).

This is in line with Congress' intent, who expressly limited the types of third-party interests that justify modification of a forfeiture order to those set forth in Section 853(n)(g)(A) and (B) in order to prevent a defendant from protecting ill-gotten gains by transferring them to a third party.

This is also in line with case law. *See United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("[t]he petitioner [in an ancillary proceeding] may prevail *only* upon showing, by a preponderance of the evidence, that he possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that he was a bona fide purchaser for value") (emphasis added); *United States v. Hooper*, 229 F.3d 818, 821, 822 (9th Cir. 2000) (recognizing that "[i]n order to obtain relief, petitioning third parties must satisfy one of two conditions" and that "[t]he criminal forfeiture statute ... protects only two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the crime"); *see also United States v. Alcaraz-Garcia*, 79 F.3d 769, 773 n.8 (9th Cir. 1996) ("The courts that have interpreted 21 U.S.C. § 853(n) rely exclusively on the language of § 853(n)(6)(A) and (B) when discussing the standard a third

party petitioner must meet in order to amend a forfeiture order."); *United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir. 1994) (stating that Section 853(n) "protects two categories of petitioners"). Section 853(n)(6) does not afford protection to all third-party interests.

    **1. Movant Fails to Satisfy the Before-Acquired Interest Test Of 21 U.S.C. § 853(n)(6)(A) Because He Never Had A Superior Ownership Interest In The Forfeited Property**

"Under § 853(n)(6)(A), the relevant inquiry is whether ... [the third party] established by a preponderance of the evidence that legal right, title, or interest in the ... properties vested in her, rather than in [the defendant], at the time of the commission of the crime." *Id.* at 1129; 21 U.S.C. § 853(n)(6)(A).

Here, Movant presents no evidence that he (or Named Defendants), in fact, has an interest in the Defendant Assets that was superior to either Backpage.com's interest, the Related Entities' interest, or Ferrer's interest. Movant does not attempt to present any such evidence before this Court. Nor could he because Movant (or Named Defendants) never acquired any control over the Defendant Assets. Even if Movant did assert any type of control over the Defendant Assets, said control was never superior that of the Cooperating Defendants'.

Thus, neither Movant nor Named Defendants can establish any interest in the Defendant Assets that is superior to Backpage.com's, the Related Entities' interest, or Ferrer's interest prior to the time either the Cooperating Defendants and/or Named Defendants were committing their criminal money laundering activities. Accordingly, neither Movant nor Named Defendants can satisfy the requirements of Section 853(n)(6)(A). *See United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000) (petitioning wives could not satisfy Section 853(n)(6)(A) because their asserted interest did not arise before the criminal activities giving rise to the forfeiture).

For these reasons, Movant cannot satisfy the before-acquired interest test of Section 853(n)(6)(A).

### 2. Movant Fails To Satisfy The After-Acquired Interest Test Of 21 U.S.C. § 853(n)(6)(B) Because He Was Not A Bona Fide Purchaser

Movant also fails to satisfy the after-acquired test pursuant to Section 853(n)(6)(B). *See Hooper*, 229 F.3d at 822 ("if property is 'subsequently transferred,' which is the only way that proceeds *can* be transferred, the transferee is protected only as a bona fide purchaser").[2] Section 853(n)(6)(B) does not authorize a defendant to make preconviction transfers of tainted assets to anyone, including attorneys for services rendered. Nor does it retroactively render the transfer lawful from a defendant's perspective. Instead, it merely furnishes protection to an innocent third party despite a defendant's unlawful transfer of tainted assets.

Here, Movant knew or had reason to know that the funds deposited into the Defendant Assets constituted illicit proceeds subject to forfeiture because, as a person who had intimate knowledge of and access to Backpage.com's (and Related Entities') business operations and who directed and/or retained significant operational control over Backpage.com's (and Related Entities') business activities, the illegal source of the deposits is imputed to Movant (and to the Named Defendants). (*See, e.g.*, Superseding Indictment in *United States v. Lacey, et al.*, CR 18-422, Dkt. 230 ¶ 31); *see United States v. Cox*, 575 F.3d 352, 357-58 (4th Cir. 2009); *United States v. McHan*, 345 F.3d 262, 279 (4th Cir. 2003) (wife who acquired property from husband-defendant in less than arm's length transaction was not a bona fide purchaser); cf. *United States v. 141st Street Corp.*, 911 F.2d 870, 876-77 (2d Cir. 1990) (corporate officer's knowledge of drug trafficking at corporation's building could be imputed to the corporation to defeat innocent owner defense). Even if Named Defendants were able to transfer monies from the Defendant Assets to pay for their legal fees, the attorneys involved in such transactions no longer constitute "bona fide purchasers" given their unique insight and knowledge into these criminal proceedings.

---

[2] This exemption in no way creates a general right for third parties to accept tainted property at any time until the United States gains possession of it; and certainly does not create a general right in the defendant to use assets that are subject to forfeiture for whatever purposes he chooses as long as he has those assets under his control.

As such, Movant's knowledge of Backpage.com's (and Related Entities) business dealings precludes him from asserting he was a bona fide purchaser for value. Thus, Movant cannot satisfy the after-acquired interest test of Section 853(n)(6)(B).

Because Movant fails to satisfy either Section 853(n)(6)(A) or (B), Movant cannot claim an ownership interest in the Defendant Assets and, therefore, lacks standing to modify or vacate the Order. For these reasons, this Court should deny the Motion to Reconsider in its entirety.

    **C.**    **Amending The Preliminary Order Is Proper Because (1) The Defendant Assets Became Known To The Government After The Preliminary Order Was Issued And (2) The Legal Basis Only Serves To Clarify The Governing Law And Does Not Constitute "Clerical Error"**

Movant argues that the Government should not be permitted to amend the Preliminary Order to include the Defendant Assets because "the assets in question were not 'located and identified' after the initial preliminary orders of forfeiture were entered on May 16, 2018." (Dkt. #45 at 4). Yet Movant fails to identify when he believes the Government acquired such knowledge concerning the Defendant Assets and offers no evidence of his claims.

Even if Movant had standing, Backpage.com, the Related Entities, and Ferrer identified the Defendant Assets (and their involvement in the money laundering conspiracy) after the Court entered the initial Preliminary Order. This is the exact definition of property subject to forfeiture that "was located and *identified* after the [Preliminary Order] was entered." R. 32.2(e)(1)(A) (emphasis added). Case law supports this conclusion, and Movant offers no contrary analysis suggesting otherwise.

In the alternative, Movant suggests that the Defendant Assets are not subject to forfeiture because the amendment to the Preliminary Order includes an additional legal basis for forfeiture to include "property involved in money laundering" under 18 U.S.C. § 981(a)(1)(A). (Dkt. #45 at 5 (citing Dkt. #43 at p.5)). Such an addition, Movant argues, amounted to more than a "clerical error" not subject to correction. (*Id.*).

Yet the Superseding Indictment sets forth counts against Named Defendants that includes 18 U.S.C. § 1956(h) (conspiracy to commit money laundering), 18 U.S.C. § 1956(a)(1)(B)(i) (concealment money laundering), and 18 U.S.C § 1956(a)(2)(A) (international promotional money laundering). (*See United States v. Lacey, et al.,* CR 18-422, Dkt. 230). These counts subject property to forfeiture under the guidance of 18 U.S.C. § 981(a)(1)(A). The addition of 18 U.S.C. § 981(a)(1)(A) clarifies the governing statutes with respect to the counts enumerated above.

Here again, Movant's argument lacks merit.

### D. Section 853(n) Is Constitutional And Does Not Deprive Defendant(s) Of Their Sixth Amendment Right To Counsel

Named Defendants suggests they will be deprived of their Sixth Amendment right to counsel if the Amendment to the Preliminary Order were to stand because "the assets at issue are attorney trust funds needed for the third party's own criminal defense ... ." (Dkt. # 45 at 6). Named Defendants incorrectly claim that they "are entitled to use [the funds in the Defendant Assets] to pay for their defense." (Dkt. #45 at 2). Named Defendants fail to provide any statute or case law in support on their argument, and the Government is unaware of any statute, case law, or Constitutional protection for Named Defendants' claimed "entitlement."

The Sixth Amendment guarantees the right to the assistance of counsel. Thus, as long as the Named Defendants have competent representation, nothing in the Sixth Amendment requires that Named Defendants be permitted to use funds that are subject to forfeiture to hire the attorneys of their choice. Named Defendants are only precluded from using tainted assets to pay for attorney fees. They are still free to use legitimate assets to pay their attorney fees. Movant does not cite to any authority for his theory that the Sixth Amendment grants a criminal defendant the right to retain counsel with assets to which a defendant has no legitimate interest.

Even if Movant (or Named Defendants) had standing, the only limitation 21 U.S.C. § 853 sets forth is what property can be forfeited as it relates to the nexus of the illegal

activity. How Named Defendants intend to use property that is otherwise subject to forfeit is irrelevant. Property is not exempted because a defendant wants to use it to pay attorney fees any more than property is exempted because a defendant wants to purchase a house or employ a financial advisor. The fact that attorneys' fees are not mentioned in the statute "does not mean that the language is ambiguous; rather, it suggests that attorneys' fees were not meant to be treated differently than any other assets." *United States v. Nichols*, 841 F.2d 1485, 1492-93 (10th Cir. 1988).

Here, the Defendant Assets subject to forfeiture because they constitute or are derived from the proceeds of the Cooperating Defendants' (and allegedly, the Named Defendants') money laundering activities. Nothing in Section 853(a) suggests that the Named Defendants may retain those proceeds in order to transfer them to a third party, such as an attorney. The fact that a forfeiture order can reach property ever after its transfer (unless the property is in the hands of a bona fide purchaser) reflects Congress' intent to deter third parties from accepting tainted assets from a defendant for any purpose, even as part of a transaction that is otherwise lawful. The statute also deprives a defendant from any benefit from forfeited property from the moment title vests in the United States.

Thus, the criminal forfeiture statutes do not deprive Named Defendants of their constitutional right to the assistance of counsel, much less deprive them of their right to fair criminal proceedings in general.

///
///
///

Respectfully submitted this 2nd day of November, 2018.

      ELIZABETH A. STRANGE
      First Assistant United States Attorney
      District of Arizona

      */s/ John J. Kucera*
      KEVIN M. RAPP
      MARGARET PERLMETER
      PETER S. KOZINETS
      ANDREW C. STONE
      JOHN J. KUCERA
      Assistant U.S. Attorneys

      BRIAN BENCZKOWSKI
      Assistant Attorney General
      Criminal Division, U.S. Department of Justice

      REGINALD E. JONES
      Senior Trial Attorney
      U.S. Department of Justice, Criminal Division
      Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: David Botsford, Daniel Quigley, Anthony Bisconti, Adam Page, Erin McCampbell, Kenneth Miller, Thomas Bienart, Jr., Whitney Bernstein, Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, Michael Piccarreta, Stephen Weiss, Ariel Neuman, Gary Lincenberg, and Gopi Panchapakesan.

*s/*
U.S. Attorney's Office