Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Petitioner John Brunst

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00465-SPL |
|---|---|
| Plaintiff, | **VERIFIED PETITION OF JOHN BRUNST FOR DETERMINATION OF THIRD-PARTY INTEREST IN PROPERTY SUBJECT TO FORFEITURE** |
| vs. | |
| Backpage.com, *et al.*, | |
| Defendants. | Assigned to Hon. Steven P. Logan, Courtroom 501 |

3534642.1

John Brunst ("Petitioner"), by and through his counsel, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby petitions this Court for a hearing to determine Petitioner's interest in additional property subject to the Court's Order of October 18, 2018 (Doc. 44), which supplemented and amended the Preliminary Order of Forfeiture (Doc. 22) based on the Stipulated Statement of Facts (Doc. 42), and to amend the Forfeiture Order to exclude all property in which Petitioner has right, title, and interest.  This petition supplements Petitioner's previously filed petition (Doc. 33).

## I. PETITIONER'S ASSERTION OF HIS RIGHT, TITLE, AND INTEREST IN THE SUBJECT ASSETS

Petitioner timely asserts his right, title, and interest in the following property ordered forfeited to the United States in the Forfeiture Order by Backpage.com, LLC, Website Technologies, LLC, Posting Solutions LLC, Amstel River Holdings, LLC, Ad Tech BV, and UGC Tech Group CV (collectively, "Defendants"):

**Attorney Trust Accounts**

1. Davis Wright Tremaine LLP ($6.25 million):
   Bank of America Account No. xxxx3414
2. Perkins Coie LLP ($2.9 million):
   US Bank Account No. xxxxxxxx1235
3. Prince Lobel Tye LLP ($100,000):
   Citibank Account No. xxxxxx1369
4. Copeland, Franco, Screws & Gill, P.A. ($100,000):
   Wells Fargo Bank Account No. xxxxxxxxx2052
5. Wayne B. Giampietro LLC ($100,000):
   JP Morgan Chase Bank Account No. xxxxx5397
6. Walters Law Group ($100,000):
   JP Morgan Chase Bank Account No. xxxxx4381

7. Akin Gump Strauss Haeur & Feld LLP ($250,000):

Citi Private Bank Account No. xxxxxx7941

8. Thompson Coburn LLP ($100,000):

US Bank Private Client Reserve Account No. xxxxxx3332

The foregoing are referred to as the "Subject Assets."

9. Rusing Lopez & Lizardi PLLC ($5.25 million):

Bank of the West Account No. xxxx1363 (the "RLL Retainer").

## II. FACTUAL BASIS FOR PETITIONER'S INTEREST IN THE SUBJECT ASSETS

Petitioner holds an ownership interest in an entity that, directly or indirectly, has held enforceable first-priority security interests in the Subject Assets since on or about April 22, 2015. The entity(ies) acquired the interests in exchange for a loan extended by that entity to Atlantische Bedrijven C.V. and UGC Tech Group C.V. in or about April 2015. Petitioner also has the right to advancement and indemnification from Atlantische Bedrijven C.V. and UGC Tech Group C.V. pursuant to the loan agreements and related purchase agreements, which advancement and indemnification obligations are also secured by the first-priority security interests in the Subject Assets. Petitioner's interest in the Subject Assets is superior to the interests of Defendants and also is superior to the government's purported interest.

The Subject Assets are retainers provided to secure the advancement and indemnification obligations of Atlantische Bedrijven C.V. and UGC Tech Group C.V. to Petitioner. In addition to the contractual security interest encumbering the Subject Assets discussed above, the Subject Assets are subject to a possessory security interest to secure payment of the legal fees and expenses Petitioner will incur to defend claims against him. Petitioner's interest in the Subject Assets is superior to the interests of Defendants and also is superior to the government's purported interest.

The RLL Retainer is an asset of Medalist Holdings, Inc. or one of its subsidiaries.  Defendants have absolutely no interest in the RLL Retainer.  As Defendants have no interest in the RLL Retainer, the government can obtain no interest in the RLL Retainer through Defendants agreeing to forfeit the RLL Retainer.  And, even if Defendants did have an interest in the RLL Retainer, their interest would be subject to the liens discussed above.

The Subject Assets and the RLL Retainer do not contain or constitute criminal proceeds.  Petitioner's interest in the Subject Assets and the RLL Retainer precedes the government's purported interest in the Subject Assets and the RLL Retainer.  Petitioner also acquired his interest in the Subject Assets and the RLL Retainer as a bona fide purchaser for value.  Therefore, Petitioner's interest in the Subject Assets and the RLL Retainer is superior to the government's purported interest.

**WHEREFORE**, Petitioner respectfully requests that the Subject Assets be excluded from the Forfeiture Order and this Petition be granted in its entirety, together with such other and further relief as this Court deems equitable and proper.

DATED:  November 19, 2018       Respectfully submitted,

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:       */s/ Ariel A. Neuman*
           Ariel A. Neuman
       Attorneys for Petitioner John Brunst

# VERIFICATION

JOHN BRUNST declares under penalties of perjury pursuant to 28 U.S.C. § 1746:

I am the Petitioner in the above-captioned action. I have read the foregoing Verified Petition and know the contents thereof, and the same is true to the best of my own knowledge, except as to the matters alleged upon information and belief, which I believe to be true.

Dated: November 18, 2018

_____
JOHN BRUNST