Daniel J. Quigley
**DANIEL J. QUIGLEY, PLC**
5425 E. Broadway Boulevard, Suite 352
Tucson, Arizona 85711
State Bar No. 011052
Telephone: (520) 867-4430
Facsimile:  (520) 867-4433
quigley@djqplc.com

Attorney for Leeward Holdings, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | Case No. CR-18-00465-PHX-SPL |
|---|---|
| Plaintiff, | **VERIFIED PETITION OF LEEWARD HOLDINGS, LLC FOR DETERMINATION OF THIRD-PARTY INTEREST IN PROPERTY SUBJECT TO FORFEITURE** |
| vs. | |
| Backpage.com LLC, et al., | |
| Defendants. | |

Leeward Holdings, LLC, a Delaware limited liability company ("Petitioner"), pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, petitions this Court for a hearing to determine its interest in property subject to the Court's Order entered on October 18, 2018 (Dkt. 44) (the "Order"), which supplemented and amended the Preliminary Order of Forfeiture (Dkt. 22) (the "Preliminary Order of Forfeiture") (collectively, the "Forfeiture Orders"), and to amend the Forfeiture Orders to exclude all property in which Petitioner has right, title, and interest.  This petition supplements Petitioner's previously filed petition (Doc. 36).

**I.    PETITIONER'S ASSERTION OF ITS RIGHT, TITLE, AND INTEREST IN THE SUBJECT ASSETS**

Petitioner timely asserts its right, title, and interest in the following property (collectively, the "Subject Assets") ordered forfeited by Backpage.com, LLC, Website

Technologies, LLC, Posting Solutions LLC, Amstel River Holdings, LLC, Ad Tech BV, and UGC Tech Group CV (collectively, "Defendants") to the United States in the Order:

**Attorney Trust Accounts**

1. Davis Wright Tremaine LLP ($6.25 million): Bank of America Account No. xxxx3414
2. Perkins Coie LLP ($2.9 million): US Bank Account No. xxxxxxxx1235
3. Prince Lobel Tye LLP ($100,000): Citibank Account No. xxxxxx1369
4. Copeland, Franco, Screws & Gill, P.A. ($100,000): Wells Fargo Bank Account No. xxxxxxxxx2052
5. Wayne B. Giampietro LLC ($100,000): JP Morgan Chase Bank Account No. xxxxx5397
6. Walters Law Group ($100,000): JP Morgan Chase Bank Account No. xxxxx4381
7. Akin Gump Strauss Haeur & Feld LLP ($250,000): Citi Private Bank Account No. xxxxxx7941
8. Thompson Coburn LLP ($100,000): US Bank Private Client Reserve Account No. xxxxxx3332

The foregoing are referred to individually and collectively as the "Subject Assets."

9. Rusing Lopez & Lizardi PLLC ($5.25 million): Bank of the West Account No. xxxx1363 (the "RLL Retainer")

**II.   FACTUAL BASIS FOR PETITIONER'S INTEREST IN THE SUBJECT ASSETS**

1. The procedures relating to the criminal forfeiture proceedings in this case are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.

2. There are only two bases upon which the government may criminally forfeit property: (1) as "offense property" meaning property which has a "nexus" to the crime for which the defendant was convicted; or (2) as "substitute property" meaning "any other

property of the defendant."  See 21 U.S.C. § 853(a); 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(1)(A); see also 18 U.S.C. § 981(a) and 28 U.S.C. § 2461(c).

3.	The government has failed to sufficiently allege that the Subject Assets and the RLL Retainer have a nexus to the crime.  The Order alleges that the Subject Assets and the RLL Retainer were derived from "specified unlawful activity" and transferred by Defendants in the course of the conspiracy in amounts exceeding $10,000 in violation of 18 U.S.C. § 1957.  The government has not sufficiently analyzed deposits into the subject bank accounts or other disbursements from these accounts, nor conducted and set forth a sufficient tracing analysis to establish the Subject Assets or the RLL Retainer as traceable to proceeds of a crime.  Thus, the government has failed to establish the requisite nexus between the property sought to be forfeited and the offenses of conviction.  *See United States v. Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205 (11th Cir. 2013).

4.	On information and belief, the government first asserted the Subject Assets and the RLL Retainer were subject to forfeiture on October 15, 2018.  *See* Dkt. 42 and 43.

5.	On information and belief, Petitioner acquired its right, title, and interest in the Subject Assets and the RLL Retainer prior to Defendants' purported commission of the offenses to which they plead guilty.  Thus, Petitioner's right, title, and interest in the property predates, and is superior to, the government's interest.  *See United States v. Peterson*, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011).

6.	On information and belief, on or about April 22, 2015, Atlantische Bedrijven C.V. ("ABC") and UGC Tech Group C.V. ("UGC") entered into purchase agreements, loan agreements, and promissory notes with affiliates of Petitioner.  On information and belief, the obligations of ABC and UGC under the purchase agreements, loan agreements, and promissory notes, as modified, are secured by liens arising under security agreements, executed on or about April 22, 2015, encumbering, among other things, the assets of Backpage.com, LLC ("Backpage"), Website Technologies, LLC ("WST"), Posting Solutions LLC ("PS"), Ad Tech BV ("Ad Tech"), UGC, and ABC.

3

7. The security agreements state that they encumber the following assets of Backpage, WST, PS, Ad Tech, UGC, and ABC: "all personal and property of every kind and nature including without limitation all goods (including inventory, equipment and any accessions thereto), fixtures, instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), commercial tort claims, securities and all other investment property, supporting obligations, any other contract rights or rights to the payment of money, insurance claims and proceeds, all general intangibles (including all payment intangibles), the IP Collateral . . . , and all products and proceeds of all of the foregoing property."

8. On information and belief, financing statements were filed with the Delaware Secretary of State, the Recorder of Deeds in the District of Columbia, and the Texas Secretary of State in April 2015 to perfect security interests in the collateral.

9. The Subject Assets are general intangibles encumbered by the security agreements and the liens on the Subject Assets were perfected by the filing of the financing statements.

10. Petitioner has the right to advancement and indemnification from ABC and UGC under the purchase agreements and loan agreements, which advancement and indemnification obligations are guaranteed by Backpage, WST, PS, and Ad Tech and secured by the security interests in the Subject Assets.

11. Carl A. Ferrer also guaranteed the obligations of ABC and UGC under the notes and the purchase agreements and loan agreements.

12. On information and belief, the Subject Assets are retainers provided to secure the advancement and indemnification obligations of ABC and UGC to Petitioner. On information and belief, in addition to the contractual security interest encumbering the Subject Assets discussed above, the Subject Assets are subject to a possessory security

1. interest to secure payment of the legal fees and expenses Petitioner will incur to defend claims against it.  On information and belief, Petitioner's interest in the Subject Assets is superior to the interests of Defendants and also is superior to the government's purported interest.

13. On information and belief, the RLL Retainer is an asset of Medalist Holdings, Inc. or one of its subsidiaries.  On information and belief, Defendants have absolutely no interest in the RLL Retainer.  As Defendants have no interest in the RLL Retainer, the government can obtain no interest in the RLL Retainer through Defendants agreeing to forfeit the RLL Retainer.  And, even if Defendants did have an interest in the RLL Retainer, their interest would be subject to the liens discussed above.

14. On information and belief, the Subject Assets and the RLL Retainer do not contain or constitute criminal proceeds.  On information and belief, the Subject Assets and the RLL Retainer were not derived from "specified unlawful activity" or transferred by Defendants in the course of a conspiracy in violation of 18 U.S.C. § 1957.

15. On information and belief, Petitioner's interest in the Subject Assets and the RLL Retainer precedes the government's purported interest in the Subject Assets.

16. On information and belief, Petitioner also acquired its interest in the Subject Assets and the RLL Retainer as a bona fide purchaser for value.  Therefore, Petitioner's interest in the Subject Assets and the RLL Retainer is superior to the government's purported interest.

17. The Forfeiture Orders should be amended to exclude Petitioner's right, title, and interest in the Subject Assets and the RLL Retainer.

WHEREFORE, Petitioner respectfully requests that the Subject Assets and the RLL Retainer be excluded from the Forfeiture Orders and this Petition be granted in its entirety, together with such other and further relief as this Court deems equitable and proper.

November 19, 2018.

                                                    /s/ *Daniel J. Quigley*
                                                    Daniel J. Quigley
                                                    Attorney for Leeward Holdings, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018, I electronically transmitted the attached document to the Clerk's office using the ECF System and copies were served on the parties by Notice of Electronic Filing generated and transmitted by the ECF system.

 /s/ *Daniel J. Quigley*

DANIEL J. QUIGLEY, PLC
5425 E. Broadway Boulevard, Suite 352
Tucson, Arizona 85711
Telephone: (520) 867-4430

**VERIFICATION**

Daniel J. Quigley declares under penalty of perjury under the laws of the United States of America:

I am an agent of petitioner Leeward Holdings, LLC, authorized to sign this Verified Petition for petitioner. I have read the foregoing Verified Petition and its contents are true and correct to the best of my own knowledge, except for matters stated on information and belief, which I believe to be true.

Dated: November 19, 2018        /s/ *Daniel J. Quigley*
                                Daniel J. Quigley
                                Authorized Agent for
                                Leeward Holdings, LLC

DANIEL J. QUIGLEY, PLC
5425 E. Broadway Boulevard, Suite 352
Tucson, Arizona 85711
Telephone: (520) 867-4430