TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant United States Attorney
Arizona State Bar No. 014249
JOSEPH F. BOZDECH
Assistant United States Attorney
California State Bar No. 303453
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Emails: kevin.rapp@usdoj.gov
　　　　joseph.bozdech@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>　1　Backpage.com, LLC,<br>　2　Website Technologies, LLC,<br>　3　Posting Solutions LLC,<br>　4　Amstel River Holdings, LLC,<br>　5　Ad Tech BV,<br>　6　UGC Tech Group C.V.,<br><br>　　　　Defendants. | CR-18-00465-PHX-DJH<br><br>**SECOND STIPULATED MOTION TO AMEND PRELIMINARY ORDER OF FORFEITURE** |

　　　　Plaintiff United States of American and Defendants Backpage.com, LLC; Website Technologies, LLC; Posting Solutions, LLC; Amstel River Holdings, LLC; Ad Tech BV; and UGC Tech Group BV (collectively "Defendants"), move pursuant to Rules 32.2(e) and 36 of the Federal Rules of Criminal Procedure to amend the Preliminary Order of Forfeiture entered on May 16, 2018 to identify and add additional property subject to forfeiture.

　　　　On April 5, 2018, Defendants pleaded guilty to an Information charging each Defendant with a violation of Title 18, United States Code, § 1956(h), Money Laundering Conspiracy, a Class C felony offense. In the plea agreements, each Defendant agreed to

forfeit their interest in any asset "traceable to . . . the proceeds of the offense(s), or which was used to facilitate the commission of the offenses(s)" to which they pleaded guilty. Doc. 8-1-8-6, paras. 8.b. The plea agreements included a list of property identified for forfeiture at that time, but did not limit the forfeiture to those assets alone. *Id*.

The Court entered a Preliminary Order of Forfeiture on May 16, 2018, which provided that the Court would "retain jurisdiction to enforce [the] Order, and to amend it as necessary pursuant to Fed. R. Criminal P. 32.2(e)" to include any additional property subject to forfeiture. Doc. 22 at 25. On October 15, 2018, the Parties filed a Stipulated Motion to Amend and Supplement Preliminary Order of Forfeiture, identifying additional accounts containing property subject to forfeiture and correcting a clerical error. Doc. 43. The Court granted the motion and amended the Preliminary Order of Forfeiture to include various bank accounts as property involved in the money laundering conspiracy to which Defendants pleaded guilty. Doc. 44.

The Parties now again jointly move the Court to amend the Preliminary Order of Forfeiture to include additional property that is subject to forfeiture. Specifically, the Parties seek to forfeit to the United States the Defendants' interests in the contents of various accounts restrained in the countries of the Netherlands and Estonia. As set forth in the Stipulated Statement of Facts in Support of this Motion, which is incorporated herein by reference, each of these accounts contains funds that were involved in the money laundering conspiracy to which the Defendants pleaded guilty.

Amendment of a preliminary order of forfeiture to reflect objections, third party interests, and subsequently located property is expressly contemplated by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32.2(b)(2)(B) (stating that parties may offer revisions or modifications to a preliminary order), 32.2(b)(2)(C) (permitting the entry of a general order of forfeiture, to be amended at a later date). Even after an order of forfeiture has become final, the Court may "at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered." Federal Rule

of Criminal Procedure 32.2(e).

Where a complicated financial scheme is at issue, courts often recognize the necessity for amending an order of forfeiture over time as additional assets are discovered and complex transactions are unwound. *See United States v. Duboc*, 694 F.3d 1223, 1227-29 (11th Cir. 2012) (Rule 32.2(e) permits the Government to move at any time to amend an order of forfeiture to include additional property); *Haberman v. United States*, 2014 WL 717200 *2 (N.D. Tex. Feb. 24, 2014) (same); *United States v. Kilbride*, 2007 WL 2528087, *1 (D. Ariz. 2007) (answers the defendant gives in response to questions regarding his finances during a presentence investigation may be used to amend the order of forfeiture to include additional property pursuant to Rule 32.2(e)); *United States v. BCCI Holdings (Luxembourg) S.A.* 69 F. Supp. 2d 36, 55 (D.D.C. 1999) (forfeiture order in complex case involving $1.2 billion amended numerous times to add additional property).

The assets to be included in the Second Amended Order of Forfeiture were restrained in place in foreign jurisdictions (specifically, the Netherlands and Estonia) pursuant to mutual legal assistance treaty requests made by the United States. The assets are held for the benefit of Defendants by third party entities, contain only funds derived from Backpage, and are or were located in accounts created to avoid blocks on credit card transaction processing. Defendants agree that the funds held in the accounts are subject to forfeiture under 18 U.S.C. § 982(a)(1), as the funds are property involved in a money laundering conspiracy. Accordingly, the Parties respectfully ask that the Court further amend the Amended Preliminary Order of Forfeiture to include the additional property listed in the Stipulated Statement of Facts in Support of this Motion.

Respectfully submitted this 3rd day of September, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/Joseph F. Bozdech*
JOSEPH F. BOZDECH
KEVIN RAPP
Assistant U.S. Attorneys

|   |   |
|---|---|
| 1 | |
| 2 | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |
| 3 | <u>s/David L. Botsford (per e-mail confirmation)</u><br>DAVID L. BOTSFORD |
| 4 | State Bar No. 02687950<br>Botsford & Roark |
| 5 | 1307 West Avenue<br>Austin, Texas 78701 |
| 6 | 512-479-8019: Telephone<br>512-479-8040: Fax |
| 7 | dbotsford@aol.com: Email<br>Attorney for Defendants |
| 8 | Backpage.com, LLC (Defendant #1)<br>Website Technologies, LLC (Defendant #2) |
| 9 | Posting Solutions, LLC (Defendant #3)<br>Amstel River Holding, LLC (Defendant #4) |
| 10 | Ad Tech BV (Defendant #5)<br>UGC Tech Group BV (Defendant #6) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

David Botsford
*Counsel for Defendant*

 *s/Victoria Tiffany*
U.S. Attorney's Office